# Exhibit B

# (Summons & Complaint)



**CORPORATION SERVICE COMPANY**

TV / ASB
**Transmittal Number: 13724714**
**Date Processed: 04/24/2015**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Larry Gordon<br>Eckert Seamans Cherin & Mellott, LLC<br>600 Grant Street<br>Floor 44th<br>Pittsburgh, PA 15219 |

| | |
|---|---|
| **Entity:** | CBS Corporation<br>Entity ID Number 0169178 |
| **Entity Served:** | CBS Corporation (f/k/a Viacom, Inc., successor by merger with CBS Corporation f/k/a Westinghouse Electric Corporation) |
| **Title of Action:** | James Willson Chesher vs. 3M Company f/k/a Minnesota Mining and Manufacturing |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Asbestos |
| **Court/Agency:** | Richland County Court of Common Pleas, South Carolina |
| **Case/Reference No:** | 2015-CP-40-02338 |
| **Jurisdiction Served:** | New York |
| **Date Served on CSC:** | 04/24/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Theile B. McVey<br>803-256-4242 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

STATE OF SOUTH CAROLINA

**COPY**

IN THE COURT OF COMMON PLEAS

COUNTY OF RICHLAND

| | |
|---|---|
| JAMES WILLSON CHESHER AND CHERYL ANN CHESHER )<br><br>**Plaintiff(s)** )<br><br>vs. )<br><br>3M COMPANY, ETC., ET AL. )<br><br>**Defendant(s)** ) | CIVIL ACTION COVERSHEET<br><br>2015-CP - 40- 02338 |

Submitted By: John D. Kassel; Theile B. McVey
Address: P O Box 1476; Columbia SC 29202-1476

| | |
|---|---|
| SC Bar #: | 03286; 16682 |
| Telephone #: | 803-256-4242 |
| Fax #: | 803-256-1952 |
| Other: | |
| E-mail: | emoultrie@kassellaw.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*

***If Action is Judgment/Settlement do not complete***

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-NI-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☒ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ASBESTOS | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _____     Date: April 15, 2015

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**FOR MANDATED ADR COUNTIES ONLY**

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

Please Note:    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**



STATE OF SOUTH CAROLINA  )  IN THE COURT OF COMMON PLEAS
                         )
COUNTY OF RICHLAND       )  C/A No. ___2015-CP-40-02338___


JAMES WILLSON CHESHER       )   Asbestos Mesothelioma
    and CHERYL ANN CHESHER  )
                            )   (Products liability and Bystander
                            )   Premises liability various locations
                            )   in South Carolina and elsewhere)
                            )
        Plaintiffs,         )
                            )
v.                          )           **SUMMONS**
                            )         (Personal Injury)
3M COMPANY *f/k/a* MINNESOTA )
MINING AND MANUFACTURING    )
A Delaware Corporation      )        Plaintiffs Demand
                            )          A Jury Trial
AIR & LIQUID SYSTEMS        )
CORPORATION (*sued individually and* )
*as successor by merger to* BUFFALO )
PUMPS, INC.)                )
A Pennsylvania Corporation  )
                            )
ALFA LAVAL, INC. (*sued individually* )
*and as successor-in-interest to* DeLAVAL )
SEPARATOR COMPANY and       )
SHARPLES, INC.)             )
A Virginia Corporation      )
                            )
A.W. CHESTERTON COMPANY     )
A Massachusetts Corporation )
                            )
BW/IP, INC. (*sued individually and as* )
*successor-in-interest to* BYRON )
JACKSON PUMP CO.)           )
A Delaware Corporation      )
                            )
CARRIER CORPORATION         )
A Delaware Corporation      )
                            )
CBS CORPORATION (*f/k/a* VIACOM, )
INC., *successor by merger with* )
CBS CORPORATION *f/k/a*     )
WESTINGHOUSE ELECTRIC       )

CORPORATION)( *and as successor-in-interest to* BF STURTEVANT)
A Delaware Corporation    )
    )
    )
CIRCOR INSTRUMENTATION    )
TECHNOLOGIES, INC. (*d/b/a* HOKE)    )
A New York Corporation    )
    )
CLEAVER BROOKS, INC. *f/k/a* AQUA    )
CHEM, INC.    )
A Delaware Corporation    )
    )
CRANE CO. (*sued individually and as    )
successor-in-interest to* CHAPMAN    )
VALVE CO and *as successor-in-interest to*    )
COCHRANE CORP.)    )
A Delaware Corporation    )
    )
ELLIOTT COMPANY (*sued individually    )
and as successor-in-interest to* ELLIOTT    )
TURBO MACHINERY COMPANY, INC.)    )
A Delaware Corporation    )
    )
FLOWSERVE CORPORATION    )
A New York Corporation    )
    )
FOSTER WHEELER ENERGY    )
CORPORATION    )
A Delaware Company    )
    )
FOSTER WHEELER, LLC    )
A Delaware Company    )
    )
GENERAL ELECTRIC COMPANY    )
A New York Corporation    )
    )
IMO INDUSTRIES, INC. (*sued    )
individually and as successor-in-interest    )
to* DeLAVAL STEAM TURBINE    )
COMPANY)    )
A Delaware Corporation    )
    )
INGERSOLL-RAND COMPANY    )
A New Jersey Corporation    )
    )
PARKER-HANNIFIN CORPORATION    )
(*sued individually and as successor-in-*    )

2

*interest to* SACOMA-SIERRA, INC.)  )
A Ohio Corporation                )
                                  )
SPIRAX SARCO, INC.                )
A Delaware Corporation            )
                                  )
UNION CARBIDE CORPORATION         )
A New York Corporation            )
                                  )
VELAN VALVE CORPORATION           )
A Delaware Corporation            )
                                  )
VERIZON COMMUNICATIONS, INC.      )
(*sued individually and as successor-by-*  )
*merger to* GTE CORPORATION and   )
BELL ATLANTIC CORPORATION)        )
A Delaware Corporation            )
                                  )
VIAD CORPORATION (*f/k/a* THE DIAL )
CORPORATION) (*sued individually and*  )
*as successor-in-interest to* GRISCOM-  )
RUSSELL COMPANY)                  )
A Delaware Corporation            )
                                  )
WARREN PUMPS, LLC                 )
A Delaware Corporation            )
                                  )
YORK INTERNATIONAL                )
CORPORATION                       )
A Delaware Corporation            )
                                  )
            Defendants.           )
_____ )

   YOU ARE HEREBY SUMMONED and required to answer the complaint herein,
a copy of which is herewith served upon you, and to serve a copy of your answer to this
complaint upon the subscriber, at the address shown below, within thirty (30) days after
service hereof, exclusive of the day of such service, and if you fail to answer the
complaint, judgment by default will be rendered against you for the relief demanded in
the complaint.

*[Signature appears on the following page.]*

3

KASSEL MCVEY ATTORNEYS AT LAW

John D. Kassel (SC Bar No.: 03286)
jkassel@kassellaw.com
Theile B. McVey (SC Bar No.: 16682)
tmcvey@kassellaw.com
1330 Laurel Street
P.O. Box 1476
Columbia, South Carolina 29202
Phone: (803) 256-4242
Fax: (803) 256-1952


WATERS & KRAUS, LLP

R. WALKER HUMPHREY, II
Bar No. 79426
KYLA G. COLE
TX Bar No. 24033113
WATERS & KRAUS, LLP
3219 McKinney Avenue
Dallas, Texas 75204
Telephone: (214) 357-6244
Facsimile: (214) 357-7252

ATTORNEYS FOR PLAINTIFFS


April ___, 2015

Columbia, South Carolina.

4



STATE OF SOUTH CAROLINA )

COUNTY OF RICHLAND )

JAMES WILLSON CHESHER
    and CHERYL ANN CHESHER

                    Plaintiffs,

v.

3M COMPANY *f/k/a* MINNESOTA
MINING AND MANUFACTURING
A Delaware Corporation

AIR & LIQUID SYSTEMS
CORPORATION (*sued individually and
as successor by merger to* BUFFALO
PUMPS, INC.)
A Pennsylvania Corporation

ALFA LAVAL, INC. (*sued individually
and as successor-in-interest to* DeLAVAL
SEPARATOR COMPANY and
SHARPLES, INC.)
A Virginia Corporation

A.W. CHESTERTON COMPANY
A Massachusetts Corporation

BW/IP, INC. (*sued individually and as
successor-in-interest to* BYRON
JACKSON PUMP CO.)
A Delaware Corporation

CARRIER CORPORATION
A Delaware Corporation

CBS CORPORATION (*f/k/a* VIACOM,
INC., *successor by merger with*
CBS CORPORATION *f/k/a*
WESTINGHOUSE ELECTRIC
CORPORATION)( *and as successor-*

IN THE COURT OF COMMON PLEAS

C/A No. 2015-CP-40-02338

Asbestos Mesothelioma

(Products liability and Bystander
Premises liability various locations
in South Carolina and elsewhere)

**COMPLAINT**
(Personal Injury)

Plaintiffs Demand
A Jury Trial

2015 APR 15  PM 3: 23
JEANNETTE W. MCBRIDE
C.C.P. & G.S.
RICHLAND COUNTY FILED

*in-interest to* BF STURTEVANT)                              )
A Delaware Corporation                                       )
                                                             )
CIRCOR INSTRUMENTATION                                       )
TECHNOLOGIES, INC. (*d/b/a* HOKE)                            )
A New York Corporation                                       )
                                                             )
CLEAVER BROOKS, INC. *f/k/a* AQUA                            )
CHEM, INC.                                                   )
A Delaware Corporation                                       )
                                                             )
CRANE CO. (*sued individually and as*                        )
*successor-in-interest to* CHAPMAN                           )
VALVE CO and *as successor-in-interest to*                   )
COCHRANE CORP.)                                              )
A Delaware Corporation                                       )
                                                             )
ELLIOTT COMPANY (*sued individually*                         )
*and as successor-in-interest to* ELLIOTT                    )
TURBO MACHINERY COMPANY, INC.) )
A Delaware Corporation                                       )
                                                             )
FLOWSERVE CORPORATION                                        )
A New York Corporation                                       )
                                                             )
FOSTER WHEELER ENERGY                                        )
CORPORATION                                                  )
A Delaware Company                                           )
                                                             )
FOSTER WHEELER, LLC                                          )
A Delaware Company                                           )
                                                             )
GENERAL ELECTRIC COMPANY                                     )
A New York Corporation                                       )
                                                             )
IMO INDUSTRIES, INC. (*sued*                                 )
*individually and as successor-in-interest*                  )
*to* DeLAVAL STEAM TURBINE                                   )
COMPANY)                                                     )
A Delaware Corporation                                       )
                                                             )
INGERSOLL-RAND COMPANY                                       )
A New Jersey Corporation                                     )
                                                             )
PARKER-HANNIFIN CORPORATION                                  )
(*sued individually and as successor-in-*                    )
*interest to* SACOMA-SIERRA, INC.)                           )

2

A Ohio Corporation                          )
                                            )
SPIRAX SARCO, INC.                          )
A Delaware Corporation                      )
                                            )
UNION CARBIDE CORPORATION                   )
A New York Corporation                      )
                                            )
VELAN VALVE CORPORATION                     )
A Delaware Corporation                      )
                                            )
VERIZON COMMUNICATIONS, INC.                )
(*sued individually and as successor-by-*   )
*merger to* GTE CORPORATION and             )
BELL ATLANTIC CORPORATION)                  )
A Delaware Corporation                      )
                                            )
VIAD CORPORATION (*f/k/a* THE DIAL          )
CORPORATION) (*sued individually and*       )
*as successor-in-interest to* GRISCOM-      )
RUSSELL COMPANY)                            )
A Delaware Corporation                      )
                                            )
WARREN PUMPS, LLC                           )
A Delaware Corporation                      )
                                            )
YORK INTERNATIONAL                          )
CORPORATION                                 )
A Delaware Corporation                      )
                                            )
                Defendants.                 )
_____)

        Now come Plaintiffs, JAMES WILLSON CHESHER and CHERYL CHESHER,

citizens and residents of the State of South Carolina, and sue the Defendants and allege as

follows:

## JURISDICTION

        1.      As is evidenced by the caption of the instant Complaint which is

specifically incorporated herein, some of the Defendants are foreign corporations who are

amenable to jurisdiction in the Courts of South Carolina by virtue of their respective

contacts with the State of South Carolina and/or their respective conduct of substantial

3

and/or systematic business in South Carolina, which subjects them to the jurisdiction of the South Carolina Courts pursuant to the South Carolina Long-Arm Statute. Each defendant owns, operates, or otherwise mines, manufactures, processes, imports, converts, compounds and/or retails substantial amounts of asbestos and asbestos-related materials which are sold, distributed and used in South Carolina. Plaintiff JAMES WILLSON CHESHER was exposed to various asbestos-containing products while working in South Carolina. Certain asbestos-containing products were manufactured at plant sites located within the State of South Carolina. Mesothelioma is a progressive, insidious disease and, on information and belief, such exposure in South Carolina contributed in part to Plaintiff JAMES WILLSON CHESHER's contraction of his mesothelioma by breathing defendants' asbestos-containing products to which he was diagnosed on or about March 2, 2015.

2.      The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

## PARTIES

3.      Plaintiffs reside at 2009 Baltusrol Court, Summerville, South Carolina 29483.

4.      Defendant 3M COMPANY *f/k/a* MINNESOTA     MINING     AND MANUFACTURING has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant is being sued as a Manufacturer Defendant.

5.      Defendant AIR & LIQUID SYSTEMS CORPORATION (*sued individually and as successor by merger to* MANUFACTURING BUFFALO PUMPS, INC.) has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, CT Corporation System, 116 Pine Street, Suite 320,

4

Harrisburg, PA 17101. This Defendant is being sued as an Equipment Defendant.

6.  Defendant ALFA LAVAL, INC. (*sued individually and as successor-in-interest to DeLAVAL SEPARATOR COMPANY and SHARPLES, INC.*) has    at    all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060. This Defendant is being sued as an Equipment Defendant.

7.  Defendant A.W. CHESTERTON COMPANY has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110. This Defendant is being sued as a Manufacturer Defendant.

8.  Defendant BW/IP, INC. (*sued individually and as successor-in-interest to BYRON JACKSON PUMP CO.*) has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its Legal Department at its Principal Place of Business: 5215 N. O'Conner Blvd, Suite 2300, Irving, Texas 75039. This Defendant is being sued as an Equipment Defendant.

9.  Defendant CARRIER CORPORATION maybe served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. This Defendant is being sued as an Equipment Defendant.

10.  Defendant CBS CORPORATION (*f/k/a* VIACOM, INC., *successor by merger with* CBS CORPORATION *f/k/a* WESTINGHOUSE ELECTRIC CORPORATION)( *and as successor-in-interest to* BF STURTEVANT) has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered

agent, Corporation Service Company, 80 State Street, Albany, New York 12207. This Defendant is being sued as an Equipment Defendant.

11.    Defendant CIRCOR INSTRUMENTATION TECHNOLOGIES, INC. (*d/b/a* HOKE) maybe served with process through its registered agent, Corporation Service Company, 1703 Laurel Street, Columbia, South Carolina 29201. This Defendant is being sued as an Equipment Defendant.

12.    Defendant CLEAVER BROOKS, INC. *f/k/a* AQUA CHEM, INC. has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant is being sued as an Equipment Defendant.

13.    Defendant CRANE CO. (*sued individually and as successor-in-interest to* CHAPMAN VALVE CO and *as successor-in-interest to* COCHRANE CORP.) has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant is being sued as an Equipment Defendant.

14.    Defendant ELLIOTT COMPANY (*sued individually and as successor-in-interest to* ELLIOTT TURBO MACHINERY COMPANY, INC.) has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant is being sued as an Equipment Defendant.

15.    Defendant FOSTER WHEELER ENERGY CORPORATION maybe served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. This Defendant is being sued as a Boiler and Equipment Defendant.

16.    Defendant FOSTER WHEELER, LLC has at all times relevant to this

6

litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant is being sued as a Boiler and Equipment Defendant.

17.    Defendant GENERAL ELECTRIC COMPANY maybe served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. This Defendant is being sued as an Equipment Defendant.

18.    Defendant IMO INDUSTRIES, INC. (*sued individually and as successor-in-interest to* DeLAVAL STEAM TURBINE COMPANY) has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant is being sued as an Equipment Defendant.

19.    Defendant INGERSOLL-RAND COMPANY maybe served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. This Defendant is being sued as an Equipment Defendant.

20.    Defendant PARKER-HANNIFIN CORPORATION (*sued individually and as successor-in-interest to* SACOMA-SIERRA, INC.) maybe served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. This Defendant is being sued as an Equipment Defendant.

21.    Defendant SPIRAX SARCO, INC. maybe served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. This Defendant is being sued as an Equipment Defendant.

22.    Defendant UNION CARBIDE CORPORATION maybe served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. This Defendant is being sued as a Supplier

7

Defendant.

23.    Defendant VELAN VALVE CORPORATION has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its domicile registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant is being sued as an Equipment Defendant.

24.    Defendant VERIZON COMMUNICATIONS, INC. (*sued individually and as successor-by-merger to* GTE CORPORATION and BELL ATLANTIC CORPORATION) has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency.  Therefore, said corporation may be served with process through its domicile registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant is being sued as an Equipment Defendant.

25.    Defendant VIAD CORPORATION (*f/k/a* THE DIAL CORPORATION) (*sued individually and as successor-in-interest to* GRISCOM-RUSSELL COMPANY) has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency.  Therefore, said corporation may be served with process through its domicile registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant is being sued as an Equipment Defendant.

26.    Defendant WARREN PUMPS, LLC has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency.  Therefore, said corporation may be served with process through its domicile registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant is being sued as an Equipment Defendant.

27.    Defendant YORK INTERNATIONAL CORPORATION maybe served with process through its registered agent, CT Corporation System, 2 Office Park Court,

8

Suite 103, Columbia, South Carolina 29223. This Defendant is being sued as an Equipment Defendant.

28.    Each and every allegation in this Petition is expressly made in the alternative to, as well as in addition to, every other allegation.

## FACTUAL BACKGROUND

29.    The asbestos and asbestos-containing products to which JAMES WILLSON CHESHER (hereinafter referred to as "Plaintiff") was exposed were mined, milled, manufactured, fabricated, contracted, installed, supplied, specified, required for use, required for replacement, distributed, sold, and/or used by the defendant corporations, acting through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of the defendants.

30.    At all times pertinent hereto, the defendant corporations were engaged in the business of mining, milling, manufacturing, fabricating, contracting, installing, supplying, specifying, requiring for use, requiring for replacement, distributing, selling, and/or using asbestos and asbestos-containing products.

31.    At all times pertinent hereto, the asbestos products were products mined, milled, manufactured, fabricated, contracted, installed, supplied, specified, required for use, required for replacement, distributed, sold, and/or used by the defendant corporations and reached Plaintiff without any substantial change in the condition of the product or products from the time that they were sold.

32.    At various times throughout his adult life, while working as a machinist mate and as a commissioned officer in the United States Navy, Plaintiff was exposed to certain defendants' asbestos and asbestos-containing products in auxiliaries, engine rooms, and other mechanical and engineering spaces, from 1968 to 1989.

33.    During the periods of time set forth in Paragraph 32, Plaintiff JAMES WILLSON CHESHER was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were manufactured, fabricated, supplied, specified, required

for use, required for replacement, sold, distributed, installed, serviced, maintained, repaired, and/or used by the defendant corporations.

34.    As a direct and proximate result of working with, around, and/or near asbestos materials mined, milled, manufactured, designed, tested, packaged, furnished, sold, supplied, specified, required for use, required for replacement, distributed, delivered, installed, and otherwise placed in the stream of commerce by the defendants, Plaintiff JAMES WILLSON CHESHER developed mesothelioma, and other industrial dust diseases caused by breathing Defendants' asbestos-containing products.

35.    Plaintiff suffered and will continue to suffer serious personal injuries, endured and will continue to endure great pain of body and mind, suffered and will continue to suffer severe mental anguish and distress, has been prevented from transacting his business, and has been required to undergo medical treatment, care and expense and will continue to require such medical care and treatment in the future. His earning capacity has been greatly impaired and he has been forced to restrict his usual activities. The foregoing injuries and damages are of a permanent nature or will last for an indefinite time into the future. He is likely to develop further medical problems and complications in the future.

## FOR A FIRST CAUSE OF ACTION
## ALLEGATIONS AGAINST MANUFACTURING DEFENDANTS

36.    All of the allegations contained in the previous paragraphs are re-alleged.

37.    Plaintiffs allege that Plaintiff was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in his occupation. Defendant corporation A.W. CHESTERTON COMPANY, and or their predecessor-in-interest, are, or at times material hereto, have been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Plaintiffs would show that Plaintiff had been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by defendant and, in so doing, had inhaled great quantities of asbestos fibers.

10

Further, Plaintiffs allege, as more specifically set out below, that Plaintiff has suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured, and sold by defendant. In that each exposure to such products caused or contributed to Plaintiff's injuries, Plaintiffs say that the doctrine of joint and several liability should be extended to apply to each defendant herein.

38.    Plaintiff was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured, designed, and/or distributed by the defendant and/or its predecessors-in-interest for use as construction materials and/or machinery in industrial operations. Plaintiffs would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and/or machinery were in this defective condition at the time they were designed by and/or left the hands of Defendant. Plaintiffs would show that Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products. Plaintiffs would show that this market defect rendered such products and/or machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the defendant. Plaintiffs would show that defendant is liable in product liability including, but not limited to, strict product liability for the above-described defects.

39.    The defendant is or are engaged in the business of selling, manufacturing, producing, designing, and/or otherwise putting into the stream of commerce asbestos-containing products and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed, and/or otherwise put into the stream of commerce, were a proximate and/or producing cause of the injuries of Plaintiff.

40.    Defendant knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must

necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

41.    Plaintiff was unaware of the hazards and defects in the asbestos-containing products of the defendant, which made them unsafe for purposes of manipulation and/or installation. Similarly, Plaintiff was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

42.    During the periods that Plaintiff was exposed to the asbestos-containing products and/or machinery of the defendants, these asbestos-containing products and/or machinery were being utilized in a manner, which was intended by the defendant.

43.    In the event that Plaintiff is unable to identify each injurious exposure to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, Plaintiffs allege that the defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products at all times material to the cause of action. Consequently, each defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

44.    The illness and disabilities of Plaintiff are a direct and proximate result of the negligence of each defendant and/or its predecessor-in-interest in that said entities produced, designed, sold, and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which the defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff's health and well-being. Certain defendants created hazardous and deadly conditions to which Plaintiff was exposed and which caused Plaintiff to be exposed to a large amount of asbestos fibers. The defendant was negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff's illness and disabilities:

(a)       in failing to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(b)       in failing to provide Plaintiff with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiff from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(c)       in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

(d)       in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

(e)       in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products, and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(f)       in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)       in failing to properly test said asbestos-containing products or machinery before they were released for consumer use;

(h)       in failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery or machinery requiring or

13

calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery; and

(i)      in failing to follow and adhere to various state and U.S. Government statutes, regulations, and guidelines pertaining to asbestos and the exposure to asbestos of individuals. Such failure constituted negligence per se at a minimum. Plaintiffs are not making claims for damages under federal law.

45.    Defendants violated federal and state regulations relating to asbestos exposure. Such violations constitute negligence per se or negligence as a matter of law. Further, each such violation resulted in dangerous and unlawful exposures to asbestos for Plaintiff. Plaintiff is not making any claims under federal law; instead, Plaintiff is simply using the violation of federal standards as proof of liability on his state-law theories. Further, the reference to Federal regulations does not create a Federal question. See Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804 (1986). Any removal on this basis will be met with an immediate motion for remand and for sanctions.

## FOR A SECOND CAUSE OF ACTION
## ALLEGATIONS AGAINST EQUIPMENT MANUFACTURERS

46.    All of the allegations contained in the previous paragraphs are re-alleged.

47.    Defendants AIR & LIQUID SYSTEMS CORPORATION (*sued individually and as successor by merger to* MANUFACTURING BUFFALO PUMPS, INC.), ALFA LAVAL, INC. (*sued individually and as successor-in-interest to* DeLAVAL SEPARATOR COMPANY and SHARPLES, INC.), BW/IP, INC. (*sued individually and as successor-in-interest to* BYRON JACKSON PUMP CO.), CARRIER CORPORATION, CBS CORPORATION (*f/k/a* VIACOM, INC., *successor by merger with* CBS CORPORATION *f/k/a* WESTINGHOUSE ELECTRIC CORPORATION)( *and as successor-in-interest to* BF STURTEVANT), CLEAVER BROOKS, INC. *f/k/a* AQUA CHEM, INC., CRANE CO. (*sued individually and as successor-in-interest to* CHAPMAN VALVE CO and *as successor-in-interest to* COCHRANE CORP.), ELLIOTT COMPANY (*sued individually and as successor-in-interest to* ELLIOTT TURBO MACHINERY COMPANY, INC.), FOSTER WHEELER ENERGY

14

CORPORATION, FOSTER WHEELER, LLC, GENERAL ELECTRIC COMPANY, IMO INDUSTRIES, INC. (*sued individually and as successor-in-interest to* DeLAVAL STEAM TURBINE COMPANY), INGERSOLL-RAND COMPANY, PARKER-HANNIFIN CORPORATION (*sued individually and as successor-in-interest to* SACOMA-SIERRA, INC.), VELAN VALVE CORPORATION, VERIZON COMMUNICATIONS, INC. (*sued individually and as successor-by-merger to* GTE CORPORATION and BELL ATLANTIC CORPORATION), VIAD CORPORATION (*f/k/a* THE DIAL CORPORATION) (*sued individually and as successor-in-interest to* GRISCOM-RUSSELL COMPANY), WARREN PUMPS, LLC, and YORK INTERNATIONAL CORPORATION are hereinafter referred to as the Equipment Manufacturers.

48.    In particular, the Equipment Manufacturers were negligent in one or both of the following ways, these being proximate causes of Plaintiff's illnesses and disabilities:

(a)    in failing to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products; and

(b)    in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery.

49.    Plaintiffs would also show that the Equipment Manufacturers' asbestos-containing products and/or machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products. Plaintiffs would show that this marketing defect rendered such products and/or machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Equipment Manufacturers. Plaintiffs would show that defendants

15

are liable in strict product liability for this marketing defect.

50.     The Equipment Manufacturers are or were engaged in the business of selling, manufacturing, producing, designing and/or otherwise putting into the stream of commerce asbestos-containing products and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed and/or otherwise put into the stream of commerce were a proximate and/or producing cause of the injuries and disabilities of Plaintiff.

51.     The Equipment Manufacturers knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

52.     Plaintiff was unaware of the hazards and defects in the asbestos-containing products of the Equipment Manufacturers, which made them unsafe for purposes of manipulation and/or installation.  Similarly, Plaintiff was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

53.     During the periods that Plaintiff was exposed to the asbestos-containing products and/or machinery of the Equipment Manufacturers, these asbestos-containing products and/or machinery were being utilized in a manner, which was intended by the Equipment Manufacturers.

### FOR A THIRD CAUSE OF ACTION
### ALLEGATIONS AGAINST SUPPLIER DEFENDANTS

54.     All of the allegations contained in the previous paragraphs are re-alleged.

55.     At all pertinent times, UNION CARBIDE CORPORATION, (hereinafter referred to as the "Supplier Defendant"), individually, sold, distributed, and supplied asbestos and asbestos-containing product(s), which Plaintiff came in contact with and

16

utilized, and asbestos which Plaintiff inhaled, causing his injuries, illnesses.

56.     Supplier Defendant is (i) a manufacturer, miner, shipper and supplier of asbestos fibers to various locations owned and/or operated by asbestos product manufacturers, is liable to Plaintiff for failure to warn of the health hazards of exposure to asbestos and failure to design and package its product of raw asbestos so as to adequately protect and warn users of the dangers of exposure to asbestos; and/or (ii) is liable to Plaintiffs as professional vendors of asbestos-containing products, and as such, because of the Supplier Defendant's size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos products it sold, and are strictly liable and negligent for failing to warn the users of potential health hazards from the use of said products.

57.     Further, Supplier Defendant made misrepresentations regarding the safety of asbestos to the asbestos-product manufacturers, thereby fraudulently inducing other sophisticated users to use Supplier Defendant's asbestos instead of other types.  As such, Supplier Defendant is liable to the Plaintiff suffering from diseases caused by exposure to the Supplier Defendant's asbestos because Supplier Defendant's fraudulent misrepresentations were detrimentally relied upon (i) by asbestos-product manufacturers incorporating Supplier Defendant's raw asbestos into their finished product, and (ii) by the Plaintiff who was exposed to the asbestos-containing products.  In addition, Supplier Defendant Union Carbide Corporation fraudulently misrepresented that its Calidria asbestos was safer than other types of chrysotile asbestos to induce asbestos manufacturers to purchase Calidria, when the Supplier Defendant Union Carbide Corporation knew that no scientific basis existed for making such a claim.

58.     Finally, Supplier Defendant is liable to Plaintiffs because they knew or should have known that the asbestos products, which it sold and supplied, were unreasonably dangerous in normal use, and its failure to communicate this information constitutes negligence.  This negligence was the cause of Plaintiff's injuries, including, but not limited to, mesothelioma, asbestosis, asbestos-induced pleural disease and/or other ill health effects.

<u>FOR A FOURTH CAUSE OF ACTION</u>
<u>ALLEGATIONS AGAINST 3M COMPANY</u>

59.    All of the allegations contained in the previous paragraphs are re-alleged.

60.    Defendant 3M COMPANY designed, marketed, sold and distributed masks and respirators, yet failed to adequately warn Plaintiff of the potential hazardous effects of being in proximity of said fibers while wearing its masks and respirators. This failure to warn renders Defendant liable in both in negligence and in strict products liability for a marketing defect.

61.    In particular, the Defendant was negligent in one or all of the following ways, these being proximate causes of Plaintiff's illnesses and disabilities:

(a)    in failing to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure said products;

(b)    in failing to place timely and adequate warnings on the containers of its products with regard to the limitations related to the level of protection, if any, provided through the use of its masks and respirators;

(c)    in failing to properly test said products before they were released for consumer use; and

(d)    in failing to recall and remove from the stream of commerce said products despite knowledge of the unsafe and dangerous nature of such products.

62.    Plaintiffs would also show that Plaintiff's products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential health hazards associated with the use of the products. Plaintiffs would show that this marketing defect rendered such products unreasonably dangerous at the time they were designed or left the hands of 3M COMPANY. Plaintiffs would show that Defendant is liable in strict product liability for this marketing defect.

63.    This Defendant was engaged in the business of selling, manufacturing, producing, designing and otherwise putting into the stream of commerce its products, and these products, without substantial change in the condition in which they were sold, manufactured, produced, designed and otherwise put into the stream of commerce were a proximate and producing cause of the injuries of Plaintiff.

18

64. This Defendant knew that its products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended.

65. Plaintiff was unaware of the hazards and defects in the products which made them unsafe for use.

66. During the periods that Plaintiff was using Defendant's mask products, such products were being utilized in a manner that was intended by Defendant, and resulted in additional exposure to asbestos by the Plaintiff.

## FOR A FIFTH CAUSE OF ACTION
## GROSS NEGLIGENCE AND/OR MALICE ALLEGATIONS
## AGAINST ALL DEFENDANTS

67. All of the allegations contained in the previous paragraphs are re-alleged herein.

68. The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct, or malice resulting in damages and injuries to the Plaintiff. Defendants' conduct was specifically intended by Defendants to cause substantial injury to Plaintiff, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that the conduct would, in reasonable probability, result in human deaths or great bodily harm. More specifically, Defendants and their predecessors-in-interest, consciously and deliberately engaged in oppression, fraud, willfulness, wantonness, or malice with regard to the Plaintiff and should be held liable in punitive and exemplary damages to Plaintiff.

## FOR A SIXTH CAUSE OF ACTION
## NEGLIGENCE PER SE ALLEGATIONS AGAINST ALL DEFENDANTS

69. All of the allegations contained in the previous paragraphs are re-alleged herein.

70. The actions of Defendants also constituted negligence per se.

71. Defendants violated federal and state regulations relating to asbestos

19

exposure. Such violations constitute negligence per se or negligence as a matter of law. Further, each such violation resulted in dangerous and unlawful exposures to asbestos for Plaintiff. Plaintiff is not making any claims under federal law; instead, Plaintiff is simply using the violation of federal standards as proof of liability on his state-law theories. Further, the reference to Federal regulations does not create a Federal question. See Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804 (1986). Any removal on this basis will be met with an immediate motion for remand and for sanctions.

72.    The negligence *per se* of Defendants were a proximate cause of Plaintiff's injuries.

### FOR AN SEVENTH CAUSE OF ACTION
### CONSCIOUS PAIN AND SUFFERING AGAINST ALL DEFENDANTS

73.    All of the allegations contained in the previous paragraphs are re-alleged.

74.    It was the duty of the Defendants to use and exercise reasonable and due care in the manufacturer, fabrication, assembly, construction, installation, distribution, supply, and sale of their asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products.

75.    It was also the duty of the Defendants to provide detailed and adequate instructions relative to the proper and safe handling and use of their asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products.

76.    It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users, and prior purchasers, prior consumers, and prior users of all dangers, characteristics, potentialities, and defects discovered subsequent to their initial distribution or sale of their asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products.

77.    Yet, nevertheless, wholly disregarding the aforesaid duties, the Defendants

breached their duties by:

(a)    failing to warn the Plaintiff of the dangers, characteristics, and potentialities of their asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products when the Defendants knew or should have known that exposure to their asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products would cause disease and injury;

(b) failing to warn the Plaintiff of the dangers to which he was exposed when the Defendants knew or should have known of the dangers;

(c) failing to exercise reasonable care to warn the Plaintiff of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to their asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products;

(d) failing to provide safe, sufficient, and proper protective clothing, equipment, and appliances with their asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products;

(e) failing to test their asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products in order to ascertain the extent of danger involved upon exposure thereto;

(f) failing to conduct such research as should have been conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon exposure to their asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products;

(g) failing to remove the product or products from the market when the Defendants knew or should have known of the hazards of exposure to their

asbestos and asbestos-containing products;

(h) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products to adequately warn and apprise the Plaintiff of said dangers, hazards, and potentialities discovered;

(i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products to package said asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products so as to eliminate said dangers, hazards, and in potentialities; and

(j) generally using unreasonable, careless, and negligent conduct in the manufacture, fabrication, assembly, construction, installation, distribution, supply, and/or sale of their asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products.

78.    As a direct and proximate result of the unreasonable, careless, and negligent conduct of the Defendants, Plaintiff developed asbestos-related mesothelioma. He has suffered serious personal injuries, endured and continues to endure great pain of body and mind, suffered and continues to suffer severe mental anguish and distress, been prevented from transacting his business, and incurred and continues to incur substantial medical expenses.

79.    The Defendants knew, or in the exercise of reasonable care should have known, of the dangerous characteristics, properties, and potentialities of asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products.

## FOR AN EIGHTH CAUSE OF ACTION
## PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

80.    All of the allegations contained in the previous paragraphs are re-alleged.

81.    As early as 1929, the Defendants, or some of them, possessed medical and scientific data clearly indicating that asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products were hazardous to the health and safety of Plaintiff and others in his position. The Defendants, or some of them, during the 1930s, 1940s, 1950s, and 1960s, became possessed of voluminous medical and scientific data, studies, and reports, which information conclusively established that asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products were hazardous to the health and safety of Plaintiff and all other persons exposed to the products.

82.    The Defendants, or some of them, since the 1930s, have had numerous workers' compensation claims filed against them by former asbestos workers or employees, or knew such claims were filed against asbestos product suppliers and manufacturers. Prompted by pecuniary motives, the Defendants ignored and failed to act upon such medical and scientific data and conspired to deprive the public, and particularly the users, access to said medical and scientific data, thereby depriving them of the free choice as to whether or not to expose themselves to the asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products of the Defendants. The Defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, by continuing to market their asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, with reckless disregard for the health and safety of Plaintiff and other users or consumers, knowing the dangerous characteristics and propensities of said asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, but still depriving those affected by the dangers from information about those dangers.

83.    Because the Defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence in marketing their hazardous asbestos and/or asbestos-containing products and/or machinery or equipment requiring or calling for the

23

use of asbestos and/or asbestos-containing products, in ignoring the medical and scientific data that was available to them, and in depriving consumers, users, and the general public of that medical and scientific data, Plaintiffs are entitled to punitive damages.

84.    Plaintiffs demand judgment against the Defendants for punitive damages.

## FOR A NINTH CAUSE OF ACTION
## LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

85.    Plaintiff CHERYL CHESHER repeats the allegations of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action where relevant.

86.    Plaintiff, CHERYL ANN CHESHER, brings this cause of action against all defendants for the loss of consortium in the marital relationship between her spouse, JAMES WILLSON CHESHER and herself.  CHERYL ANN CHESHER has suffered damages, both past and future, as a result of the acts and omissions of the defendants described herein.  The permanent physical injuries were a direct and proximate cause by the defendants to Plaintiff, and, those injuries have detrimentally impaired the love, companionship, comfort, affection, solace, moral support, and physical assistance in the operating and maintaining a home that Plaintiffs once shared in their marital relationship, causing CHERYL ANN CHESHER pain and suffering in the past and to which she will in all likelihood continue to suffer in the future.

## DAMAGES

(a)    damages to punish defendants for proximately causing Plaintiff's untimely injuries and illness;

(b)    the conscious physical pain and suffering and mental anguish sustained by Plaintiff;

(c)    the physical impairment suffered by Plaintiff;

(d)    the disfigurement suffered by Plaintiff;

(e)    reasonable and necessary medical expenses incurred by Plaintiffs;

24

(f)     Plaintiff's lost earnings and net accumulations;

(g)     Plaintiff's mental anguish caused by the extraordinarily increased likelihood of developing (or the progression and/or recurrence of) asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, sold and/or distributed by the named defendants;

(h)     past and future loss of the care, maintenance services, support, advice, counsel, and consortium which Plaintiff's spouse would have received from Plaintiff prior to his illness and disability caused by his exposure to asbestos; and

(i)     Plaintiffs seek punitive and exemplary damages.

87.     Plaintiffs filed suit within three (3) years of the date of discovering Plaintiff's asbestos-related conditions or the existence of any asbestos-related causes of action.

88.     Plaintiff discovered his injury and its cause less than three (3) years prior to the filing of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the defendants, and each of them, jointly and severally, for general damages, including, but not limited to, compensatory and punitive damages, for their costs expended herein, for their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

## JURY DEMAND

Plaintiff demands that all issues of fact in this case be tried to a properly impaneled jury.

KASSEL MCVEY ATTORNEYS AT LAW

_____

John D. Kassel (SC Bar No.:03286)
jkassel@kassellaw.com
Theile B. McVey (SC Bar No.: 16682)
tmcvey@kassellaw.com
1330 Laurel Street
P.O. Box 1476
Columbia, South Carolina 29202
Phone: (803) 256-4242
Fax: (803) 256-1952


WATERS & KRAUS, LLP

R. WALKER HUMPHREY, II
Bar No. 79426
KYLA G. COLE
TX Bar No. 24033113
WATERS & KRAUS, LLP
3219 McKinney Avenue
Dallas, Texas 75204
Telephone:  (214) 357-6244
Facsimile:  (214) 357-7252

ATTORNEYS FOR PLAINTIFFS


April ____, 2015

Columbia, South Carolina.

5470 L.B.J. FRWY
DALLAS, TX 75240

7011 2000 0000 8088 3646



FIRST-CLASS MAIL

neopost
04/21/2015
US POSTAGE

$08.03⁰



ZIP 75240
041L11216072

CBS CORPORATION (f/k/a VIACOM, INC.
successor-by-merger with CBS CORPORA
C/O  CORPORATION SERVICE COMPANY

80 STATE STREET
ALBANY                    NY 12207