IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
RICHLAND DIVISION

| | | |
|---|---|---|
| JAMES WILLSON CHESHER and<br>CHERYL ANN CHESHER, | ) ) ) | C/A No. 3:15-CV-02123-ASB |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| 3M COMPANY, et al., | ) ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF GENERAL ELECTRIC COMPANY**

Comes now, Defendant GENERAL ELECTRIC COMPANY, appearing specially subject to its defenses as set forth below and expressly reserving all rights under Motions previously filed or to be filed with the Court, and respectfully responds to Plaintiff's Complaint.

*Preliminary Note: all references to "Plaintiff," contained herein, shall mean and include both singular and plural, incorporating the party alleging actual exposure as well as any party alleging any claim derivative of such alleged exposure under a theory of "loss of consortium," "survival," or otherwise.*

FIRST DEFENSE

Defendant admits its corporate existence, but specifically denies each and every remaining allegation of Plaintiff's Complaint to the extent such allegations are made against answering defendant, and demands strict proof thereof.

SECOND DEFENSE

For a second defense, Defendant shows that Plaintiff's Complaint, and each cause of action of the Complaint either individually or jointly, fails to state a claim against this Defendant upon which relief can be granted.

### THIRD DEFENSE

For a third defense, Defendant shows that the claims of Plaintiff, either in whole or in part, are barred by the applicable statute of limitations, the statute of repose, and laches.

### FOURTH DEFENSE

For a fourth defense, Defendant shows that venue is improper in this court with respect to this Defendant.

### FIFTH DEFENSE

For a fifth defense, Defendant shows that this court lacks jurisdiction over the person of this Defendant.

### SIXTH DEFENSE

For a sixth defense, Defendant shows that there has been an insufficiency of process and an insufficiency of service of process as to this Defendant.

### SEVENTH DEFENSE

For a seventh defense, Defendant shows that the Complaint, and each cause of action therein either individually or jointly, is barred by waiver and estoppel.

### EIGHTH DEFENSE

For an eighth defense, Defendant shows that it has not engaged in any activity that has damaged the Plaintiff in any manner, nor has it breached any duty owed to Plaintiff and, therefore, Plaintiff is not entitled to recover from this Defendant.

### NINTH DEFENSE

For a ninth defense, Defendant shows that to the extent Plaintiff's alleged injuries resulted from the actions of fellow servants, Plaintiff is not entitled to recover from this Defendant.

## TENTH DEFENSE

For a tenth defense, Defendant shows that Plaintiff's Complaint should be dismissed for failure to add an indispensable party.

## ELEVENTH DEFENSE

For an eleventh defense, Defendant shows that the alleged injury or damage to the Plaintiff occurred or was allegedly sustained prior to the enactment of § 15-73-10, et seq. of the Code of Laws of South Carolina, (1976), as amended, and, therefore, Plaintiff is not entitled to recover under the so-called "strict liability" cause of action for either actual or punitive damages, and this Defendant pleads and relies upon all provisions of § 15-73-10, et seq., of the Code of Laws of South Carolina, (1976), as amended, as each provision may be applicable to the claims asserted by Plaintiff.

## TWELFTH DEFENSE

For a twelfth defense, Defendant shows that Plaintiff assumed the risk of any damage or injury she may have received as a result of the incidents described in the Complaint, and, therefore, Plaintiff is not entitled to recover.

## THIRTEENTH DEFENSE

For a thirteenth defense, Defendant shows that if Plaintiff has sustained any injury or damage, such injury or damage was due to the careless and negligent acts of Plaintiff, which combined with any negligent acts on the part of this Defendant (said negligent acts being specifically denied by this Defendant), or third parties for whom this Defendant is not responsible, to proximately cause said injury or damage, if any, and, therefore, Plaintiff is not entitled to recover from this Defendant.

## FOURTEENTH DEFENSE

For a fourteenth defense, Defendant shows that the Plaintiff failed to exercise ordinary care for her own protection, or was otherwise contributorily and/or comparatively negligent, and such failure occasioned some or all of the alleged injury and damage to Plaintiff, if any.

## FIFTEENTH DEFENSE

For a fifteenth defense, Defendant shows that the negligence of the Plaintiff equaled or exceeded any negligence on the part of this Defendant (said negligence being specifically denied), and, therefore, Plaintiff is not entitled to recover from this Defendant.

## SIXTEENTH DEFENSE

For a sixteenth defense, Defendant shows that Plaintiff or others have failed to take adequate steps and precautions for the safe use of the materials described in the Complaint, said failure being the proximate cause of Plaintiff's damages, if any, and, therefore, Plaintiff is not entitled to recover.

## SEVENTEENTH DEFENSE

For a seventeenth defense, Defendant shows that the injuries and damages complained of by Plaintiff was the result of actions or omissions by a third-party or parties for whom this Defendant is not responsible, and, therefore, Plaintiff is not entitled to recover from this Defendant.

## EIGHTEENTH DEFENSE

For an eighteenth defense, Defendant shows that Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised her claims herein, and, accordingly, said claims are barred by payment, accord and satisfaction, arbitration and award, release, and res judicata; alternatively, Defendant shows that if Plaintiff has accepted compensation in partial

settlement of her claims, Defendants are entitled to a set-off in said amount.

### NINETEENTH DEFENSE

For a nineteenth defense, Defendant shows that Plaintiff's claims are barred by the applicable workers' compensation laws, and, therefore, Plaintiff is not entitled to recover from this Defendant.

### TWENTIETH DEFENSE

For a twentieth defense, Defendant shows that no discovery has been conducted to date in the above-captioned civil action and it is unknown at this time which, if any, products Defendant is alleged to be responsible for giving rise to plaintiff's claims herein. Defendant further shows that should the discovery process reveal any products, for which Defendant is alleged to be responsible, giving rise to Plaintiff's claims that were designed and manufactured pursuant to and in accordance with the standards of, or specifications mandated by, the United States Government and its agencies, the knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of this Defendant, and by reason thereof this Defendant is entitled to assume any immunity from liability which exists in favor of the United States Government or its agencies.

### TWENTY-FIRST DEFENSE

For a twenty-first defense, Defendant shows that it has not engaged in any activity which would entitle the Plaintiff to punitive or exemplary damages.

### TWENTY-SECOND DEFENSE

For a twenty-second defense, Defendant shows that Plaintiff's claims for punitive damages are barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and comparable provisions of the South Carolina Constitution.

## TWENTY-THIRD DEFENSE

For a twenty-third defense, Defendant shows that any exposure of Plaintiff to asbestos-containing products for which this Defendant is alleged to be liable was so minimal as to be insufficient to establish a reasonable degree of certainty or probability that the injuries and damages complained of resulted from any exposure to, or defects from, said products.

## TWENTY-FOURTH DEFENSE

For a twenty-fourth defense, Defendant shows that there was no privity of contract between Plaintiff and this Defendant, and Plaintiff may not rely upon any warranties which may have been implied or imposed by law upon this Defendant, and this Defendant affirmatively alleges that it breached no warranty.

## TWENTY-FIFTH DEFENSE

For a twenty-fifth defense, Defendant shows that it has breached neither express nor implied warranties.

## TWENTY-SIXTH DEFENSE

For a twenty-sixth defense, Defendant shows that any oral warranties upon which Plaintiff allegedly relied are unavailable as violative of the provisions of the applicable Statute of Frauds.

## TWENTY-SEVENTH DEFENSE

For a twenty-seventh defense, Defendant shows that to the extent that Plaintiff sustained injuries from the use of a product alleged to contain asbestos, which is denied, parties not under the control of Defendant misused, abused, misapplied and otherwise mishandled the product alleged to be asbestos material, and, therefore, the amount of damages which may be recoverable must be diminished by the proportion which said misuse, abuse, misapplication and mishandling bears to the conduct which caused the alleged damage or injury.

## TWENTY-EIGHTH DEFENSE

For a twenty-eighth defense, Defendant shows that some or all of the asbestos products alleged in Plaintiff's Complaint do not constitute products within the meaning and scope of the Law of the State of South Carolina, and, therefore, the Complaint fails to state a cause of action in strict liability.

## TWENTY-NINTH DEFENSE

For a twenty-ninth defense, Defendant shows that some of Plaintiff's claims for damages have not accrued, are purely speculative, uncertain and contingent, and therefore, Plaintiff is not entitled to recover said damages.

## THIRTIETH DEFENSE

For a thirtieth defense, Defendant shows that no implied warranties, including the warranties of merchantability and fitness for a particular purpose, became a part of the basis of the bargain in the sale by Defendant.

## THIRTY-FIRST DEFENSE

For a thirty-first defense, Defendant shows that the damages alleged in the Complaint are not recoverable under an express warranty theory.

## THIRTY-SECOND DEFENSE

For a thirty-second defense, Defendant shows that no notice of any alleged breaches of warranty were ever forwarded to this Defendant pursuant to the applicable provision of the Uniform Commercial Code.

## THIRTY-THIRD DEFENSE

For a thirty-third defense, Defendant shows that all defenses which may have been or will be asserted by other Defendants and/or any third-party Defendants in this action are adopted and

incorporated by reference as if fully set forth at length herein as defenses to Plaintiff's Complaint. In addition, Defendant will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses.

## THIRTY-FOURTH DEFENSE

For a thirty-fourth defense, Defendant denies that it gave, made or otherwise extended any warranties, whether express or implied, upon which Plaintiff had a right to rely.

## THIRTY-FIFTH DEFENSE

For a thirty-fifth defense, Defendant shows that it has committed no negligence, whether by act of commission or act of omission.

## THIRTY-SIXTH DEFENSE

For a thirty-sixth defense, Defendant shows that to the extent that the allegations of the Complaint may be directed or related to Defendant, it states that any substance, product or equipment allegedly produced, manufactured, processed, sold, supplied and/or distributed by Defendant was not used for the purpose for which it was intended, and/or was misused by the Plaintiff.

## THIRTY-SEVENTH DEFENSE

For a thirty-seventh defense, Defendant shows that because the Plaintiff is unable to identify the manufacturers of the substance, product or equipment which allegedly caused injury, Plaintiff fails to state a claim upon which relief can be granted since, if such relief were granted, it would deprive Defendant of its constitutional rights to substantive and procedural due process of law and equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

## THIRTY-EIGHTH DEFENSE

For a thirty-eighth defense, Defendant shows that the causes of action asserted herein by the Plaintiff, who admittedly is unable to identify the manufacturer(s) of the alleged injury-causing product(s), fail to state a claim upon which relief can be granted, in that, Plaintiff has asserted claims for relief which, if granted, would constitute a taking of private property for public use, without just compensation.  Such a taking would contravene Defendant's constitutional rights as preserved for it by the Fourteenth Amendment to the Constitution of the United States.

## THIRTY-NINTH DEFENSE

For a thirty-ninth defense, Defendant shows that Plaintiff's employers and others knew or should have known of the risk alleged and were negligent and careless in, among other things, failing to provide Plaintiff with a safe work environment, and in misusing Defendant's products. Such conduct was the sole proximate cause, or preponderating cause, or an intervening or superseding cause, of any alleged injury, damage or loss to the Plaintiff and therefore precludes the Plaintiff from obtaining any recovery against Defendant.  Alternatively, any recovery which Plaintiff may be entitled to obtain against Defendant must be reduced by that amount of damages attributable to the acts and/or omissions of Plaintiff's employers and/or others as set forth herein.

## FORTIETH DEFENSE

For a fortieth defense, Defendant shows that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that neither breached any alleged duty to the Plaintiff, nor knew or could have known, that its products presented a foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

## FORTY-FIRST DEFENSE

For a forty-first defense, Defendant shows that the claims alleged in the Complaint are barred by Plaintiff's failure to take reasonable steps to avoid or otherwise mitigate the claimed damages, expenditures and costs.

FORTY-SECOND DEFENSE

For a forty-second defense, Defendant denies any and all liability to the extent that Plaintiff asserts this Defendant's alleged liability as a successor, successor in business, successor in product line, assignee, predecessor, predecessor in business, predecessor in product line, parent, alter ego, subsidiary, or other derivative status as a theory of liability.

FORTY-THIRD DEFENSE

For a forty-third defense, Defendant shows that it was under no legal duty to warn Plaintiff of the hazards, if any, associated with the use of products containing asbestos. Defendant further shows that the purchasers of said products, Plaintiff's employers, her unions or certain third parties yet to be identified, were either learned intermediaries or knowledgeable and sophisticated users, or both, and were in a better position to warn Plaintiff of the risks associated with using products containing asbestos and, assuming, without admitting that a warning was required, it was the failure of such persons or entities to give such a warning that was the proximate and superseding cause of Plaintiff's damages, if any.

FORTY-FOURTH DEFENSE

For a forty-fourth defense, Defendant shows that the apparent benefits of the products containing asbestos, if any, for which it had legal responsibility outweighed the apparent risks, given the scientific knowledge available when the product was marketed.

FORTY-FIFTH DEFENSE

For a forty-fifth defense, Defendant shows that there was no concert of action between

this Defendant and any other Defendants herein, therefore, the Defendants are not joint tort-feasors and this Defendant may not be held jointly and severally liable with the other Defendants.

## FORTY-SIXTH DEFENSE

For a forty-sixth defense, Defendant shows that its liability, if any, in this matter is extremely minor relative to the liability of various third parties and, therefore, the damages, if any, assessed against it should be proportionate to the degree, nature and extent of its fault.

## FORTY-SEVENTH DEFENSE

For a forty-seventh defense, Defendant shows that no conduct by or attributable to it was the cause in fact, the proximate cause or a substantial factor in bringing about the damages, if any, suffered by Plaintiff.

## FORTY-EIGHTH DEFENSE

For a forty-eighth defense, Defendant shows that some or all of the causes of action may not be maintained because of discharge in bankruptcy.

## FORTY-NINTH DEFENSE

For a forty-ninth defense, Defendant shows that the laws of another state may apply to this action.

## FIFTIETH DEFENSE

For a fiftieth-defense, Defendant states that this action may be dismissed on ground of forum non conveniens.

## FIFTY-FIRST DEFENSE

For a fifty-first defense, Defendant states that Plaintiff's claims may be barred by the Door Closing Statute.

**WHEREFORE,** Defendant respectfully prays that Plaintiff's action against it be dismissed and Defendant be awarded its costs and prays for such other and further relief as this court deems just and proper.

Dated: May 29, 2015

Respectfully submitted,

By: */s/Jennifer M. Techman*
Jennifer M. Techman, Esq.
SC Federal Bar No. 8028

EVERT WEATHERSBY HOUFF
3455 Peachtree Road NE, Suite 1550
Atlanta, GA  30326
Tel: (678) 651-1200
Fax: (678) 651-1201
Attorney for Defendant
General Electric Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
RICHLAND DIVISION

| | | |
|---|---|---|
| JAMES WILLSON CHESHER and | ) | |
| CHERYL ANN CHESHER, | ) | |
| | ) | C/A No. 3:15-CV-02123-ASB |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 3M COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of *Answer of General Electric Company to Plaintiff's Complaint* by electronic filing of same, to all counsel of record in the above-referenced case by using CM/ECF system.

By: */s/Jennifer M. Techman*

Jennifer M. Techman, Esq.
EVERT WEATHERSBY HOUFF
3455 Peachtree Road NE, Suite 1550
Atlanta, GA  30326
Tel: (678) 651-1200
Fax: (678) 651-1201
JMTechman@EWHlaw.com