# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JAMES WILLSON CHESHER AND CHERYL ANN CHESHER,<br><br>Plaintiffs,<br><br>v.<br><br>3M COMPANY, f/k/a MINNESOTA MINING & MANUFACTURING COMPANY, ET AL.,<br><br>Defendants. | CIVIL ACTION NO: 3:15-CV-02123-DCN |

### DEFENDANT 3M COMPANY'S ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES

Pursuant to Rule 26.03 of the Local Civil Rules for the United States District Court, District of South Carolina, Defendant, 3M Company[1] (hereinafter "this Defendant"), by its undersigned attorneys, makes the following answers to Court ordered Interrogatories:

**1.     A short statement of the facts of the case:**

Answer:   A Complaint was filed on April 15, 2015 by James Wilson Chesher ("Mr. Chesher") and Cheryl Ann Chesher. The Complaint alleged that Mr. Chesher was diagnosed with mesothelioma due to his alleged exposure to asbestos and asbestos-containing products during his work as a machinist mate and commissioned officer in the United States Navy. The case was removed to the United States District Court for the District of South Carolina on May 22, 2015. Plaintiffs allege that Mr. Chesher is suffering from various medical conditions that were allegedly caused by Mr. Chesher's alleged exposure to asbestos and asbestos-related materials. Plaintiffs

---

[1] Effective April 8, 2002, this Defendant changed its legal name from Minnesota Mining and Manufacturing Company to 3M Company.

allege various causes of action premised upon theories of negligence/gross negligence, breach of warranties, product liability, misrepresentation and loss of consortium. This Defendant denies the Plaintiffs' allegations against this Defendant.

**2.     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony:**

Answer: This Defendant may call as fact witnesses James Willson Chesher, coworkers identified by plaintiffs' counsel, treating physicians or other health care professionals who examined and/or treated James Willson Chesher, custodian of any medical records pertaining to James Willson Chesher, and corporate representatives of 3M Company. This Defendant also incorporates by reference its Rule 26(a)(1) Initial Disclosures served in this matter.

**3.     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered):**

Answer: This Defendant is not prepared to list its experts, but will likely retain a pathologist, pulmonologist and an industrial hygienist.

**4)     A summary of the claims or defenses with statutory and/or case citations supporting the same:**

Answer: The primary defenses that appear to be at issue in this lawsuit at this time are listed below. To the extent that further discovery reveals additional defenses that may be at issue, this Defendant hereby expressly reserves its right to amend this Answer at a later time.

**S.C. Code Ann. § 15-73-20 (statutory defense to strict liability);**

**S.C. Code Ann. § 15-38-15 (modified joint and several liability); and**

**S.C. Code Ann. § 15-5-150 (door closing statute).**

**Lack of Sufficient Exposure Evidence to a 3M Asbestos-Containing Product**
*Henderson v. Allied-Signal, Inc.*, 373 S.C. 179, 644 S.E.2d 724 (2007); *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162 (4th Cir. 1986).

**3M Did Not Manufacture, Sell, Supply, or Place Into the Stream of Commerce the Asbestos-Containing Materials Allegedly at Issue.**
*Baughman v. General Motors Corp.*, 780 F.2d 1131, 1133 (4th Cir. 1986).

**Product Misuse**
*Anderson v. Green Bull, Inc.*, 322 S.C. 268, 270-71, 471 S.E.2d 708, 710 (Ct. App. 1996).

**Comparative Negligence**
*Berberich v. Jack,* 392 S.C. 278, 286, 709 S.E.2d 607, 611 (2011).

**Assumption of Risk**
*Cole v. Boy Scouts of America*, 397 S.C. 247, 251-52, 725 S.E.2d 476, 478 (2011).

**Intervening and Superseding Cause**
*Roddey v. Wal-Mart Stores East, LP*, 400 S.C. 59, 86-87, 732 S.E.2d 635, 649 - 650 (Ct. App. 2012); *see also Rife v. Hitachi Const. Mach. Co., Ltd.,* 363 S.C. 209, 217, 609 S.E.2d 565, 569 (Ct. App. 2005).

**No Post-Sale Duty to Warn**
*Bragg v. Hi-Ranger*, 319 S.C. 531, 548, 462 S.E.2d 321, 331 (Ct. App. 1995).

**Learned Intermediary and/or Sophisticated User**
*Lawing v. Trinity Mfg., Inc.*, 406 S.C. 13, 23, 749 S.E.2d 126, 131 (Ct. App. 2013); *see also Bragg*, *supra*.

    5)    Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:
        A.    Exchange of Fed. R. Civ. P. 6(a)(2) expert disclosures; and
        B.    Completion of discovery.

    <u>Answer</u>:  The parties have submitted a proposed scheduling order to the Court.

    6)    **The parties shall inform the Court whether there are any special circumstances that would affect the time frames applied in preparing the scheduling order.**

    <u>Answer</u>:  The parties have submitted a proposed scheduling order to the Court.

    7)    **The parties shall provide any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.**

    <u>Answer</u>:  The parties have submitted a proposed scheduling order to the Court.

Respectfully submitted this 28th day of September, 2015.

/s/ Michael C. Griffin
Michael C. Griffin [SC Federal Bar No. 10302]
Bradley Arant Boult Cummings LLP
Bank of America Corporate Center
100 North Tryon Street, Suite 2690
Charlotte, NC 28202
Telephone: (704) 338-6015
Facsimile: (704) 332-8858
mgriffin@babc.com

*Attorneys for Defendant 3M Company*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September 2015, I have filed electronically filed with the Clerk of Court a true copy of the foregoing **DEFENDANT 3M COMPANY'S ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES** using the CM/ECF system which will send notification of such filling to all parties as listed below:

John D. Kassel
Theile B. McVey
jkassel@kassellaw.com
tmcvey@kassellaw.com

David Gaillard Traylor, Jr.
James B. Glenn
Robert O. Meriwether
David.traylor@nelsonmullins.com
Jase.glenn@nelsonmullins.com
Robert.meriwether@nelsonmullins.com

Daniel Bowman White
Stephanie G. Flynn
Kyle Jason White
dwhite@gwblawfirm.com
sflynn@gwblawfirm.com
kwhite@gwblawfirm.com

Jennifer M. Techman
jmtechman@ewhlaw.com

Richard Ashby Farrier, Jr.
Christopher Austin Jaros
Ronald A. Charlot
Richard.FarrierJr@klgates.com
Christopher.jaros@klgates.com
ron.charlot@klgates.com

Joseph E. Thoensen
Steven J. Pugh
jthoensen@richardsonplowden.com
spugh@richardsonplowden.com

Christopher G. Conely
cgconley@ewhlaw.com

Ronald B. Cox
Profitt and Cox
rcox@proffittcox.com

Moffatt Grier McDonald
Scott E. Frick
William David Conner
mmcdonald@hsblawfirm.com
sfrick@hsblawfirm.com
dconner@hsblawfirm.com

Charles S. Siegel
Robert Walker Humphrey, II
siegel@waterskraus.com
whumphrey@waterskraus.com

Andrew Walker Barnes
Christopher Tyson Nettles
Robert H. Hood, Jr.
walker.barnes@hoodlaw.com
tyson.nettles@hoodlaw.com
bobbyjr.hood@hoodlaw.com

David A. Root
droot@kernodlelaw.com

Gray Thomas Culbreath

5

| | |
|---|---|
| Steven Wayne Ouzts<br>Thomas M. Kennaday<br>souzts@turnerpadget.com<br>tkennaday@turnerpadget.com<br><br>Zandra Elayne Foley<br>zfoley@thompsoncoe.com | Janice Holmes<br>gculbreath@GWBlawfirm.com<br>jholmes@gwblawfirm.com<br><br>William Ansel Collins, Jr.<br>wcollins@dougallfirm.com |

        /s/ Michael C. Griffin
           Michael C. Griffin

6