IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMES WILLSON CHESHER and CHERYL ANN CHESHER,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>3M COMPANY, et al.,  )<br>)<br>Defendants.  )<br>) | CIVIL ACTION NO. 3:15-cv-02123-DCN<br><br>**DEFENDANT CRANE CO.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR VACATUR PURSUANT TO FED. R. CIV. PROC. 60(b)(6) AND 28 U.S.C. § 455** |

Defendant Crane Co. ("Defendant" or "Crane Co.") respectfully submits this Memorandum in Opposition to Plaintiffs' Motion for Vacatur Pursuant to Fed. R. Civ. Proc. 60(b)(6) and 28 U.S.C. § 455 [Dkt. No. 326]. In their Motion, Plaintiffs seek to vacate an Order entered more than three years ago, which granted Crane Co.'s renewed motion for summary judgment in this matter ("Judgment") [Dkt. No. 323]. Plaintiffs argue that Your Honor should have recused yourself from this case based on publicly available information which illustrates alleged stock ownership in three defendants unrelated to Crane Co.—General Electric Co. ("GE"), 3M Co. ("3M"), and Verizon.[1] Plaintiffs further mount an inappropriate attack upon this Court's prior ruling granting Crane Co.'s Motion *in Limine* to Preclude Specific Causation Testimony from Plaintiffs' Experts [Dkt. No. 312], upon which the Judgment was based in part ("MIL Ruling"). However, none of the three unrelated defendants were parties in the case when this Court entered the Judgment or its MIL Ruling or conducted a hearing on Crane Co.'s Motion *in Limine*. For these reasons, and as detailed further below, Plaintiffs' Motion should be denied.

---

[1] Crane Co. assumes, for purposes of this Motion, that Plaintiffs' allegations regarding Your Honor's direct ownership of stock in these companies are true. However, if that is not the case, this would serve as a separate basis upon which to deny Plaintiffs' Motion.

## RELEVANT PROCEDURAL BACKGROUND

This matter was removed to federal court on May 22, 2015 [Dkt. No. 1] and assigned to Your Honor on July 10, 2015. [Dkt. No. 79] On December 8, 2015, Defendant GTE Products of Connecticut Corporation, incorrectly identified and sued as "Verizon Communications, Inc. (sued individually and as successor-by-merger to GTE Corporation and Bell Atlantic Corporation)," moved, with the Plaintiffs' consent, for a dismissal from the case [Dkt. No. 139], which was granted on December 9, 2015. [Dkt. No. 140] On March 4, 2016, Crane Co. filed a Motion *in Limine* to Preclude Specific Causation Testimony from Plaintiffs' Experts. [Dkt. No. 181] Shortly thereafter, on March 22, 2016, Plaintiffs and Defendant 3M Company filed a consent dismissal of 3M. [Dkt. No. 219] On May 16, 2016, Plaintiffs filed a motion to dismiss GE from the case [Dkt. No. 235], which was granted on May 17, 2016 [Dkt. No. 237].

Prior to the Plaintiffs' dismissal, or consent thereto, of defendants Verizon, 3M, and GE, Your Honor entered no substantive rulings regarding the merits of the case.[2] This Court had yet to hear Crane Co.'s Motion *in Limine*. Moreover, prior to the dismissal of these three unrelated defendants, none of them had filed any motions *in limine* or dispositive motions.

More than nine months after the dismissal of the last of those three defendants on May 17, 2016, Your Honor conducted a hearing on Crane Co.'s Motion *in Limine* on February 28, 2017. [Dkt. No. 295] On March 31, 2017, Your Honor granted in part and denied in part Crane Co.'s Motion *in Limine* and indicated that a supplemental order explaining the basis of this decision would be forthcoming. [Dkt. No. 308] At the time this MIL Ruling was entered on March 31, 2017, Crane Co. was the *only* remaining defendant left in the case.

---

[2] Your Honor's rulings prior to May 17, 2016 merely included, by way of example, granting certain motions to appear pro hac vice, entry of a scheduling order and stipulated protective order, granting a motion to substitute an attorney within firm, granting a motion for an extension of time, and granting plaintiffs' motions to dismiss certain defendants.

The supplemental order was subsequently issued on July 21, 2017. [Dkt. No. 312] Crane Co. thereafter filed a renewed Motion for Summary Judgment on August 1, 2017. [Dkt. No. 313] The Motion for Summary Judgment was heard on December 12, 2017. [Dkt. No. 321] On March 29, 2018, Your Honor granted Crane Co.'s Motion for Summary Judgment based, in part, on the lack of expert testimony on specific causation resulting from the granting of Crane Co.'s Motion *in Limine*. [Dkt. No. 323] The Court entered judgment in favor of Crane Co. as a result on March 30, 2018. [Dkt. No. 324]

It is this granting of summary judgment in favor of Crane Co., entered two years and almost four months after the dismissal of Verizon on December 9, 2015, just over two years after the dismissal of 3M on March 22, 2016, and more than one year and ten months from the dismissal of GE on May 17, 2016, which Plaintiffs now seek to vacate based on Your Honor's alleged ownership of stock in those unrelated defendants.

## ARGUMENT

Plaintiffs rely on 28 U.S.C. § 455(b)(4), which provides that a United States District Court Judge must disqualify himself where "[h]e knows that he, individually or as a fiduciary . . . has a financial interest in the subject matter in controversy or in a party to the proceeding." 28 U.S.C. § 455(b)(4). A "financial interest" is defined to mean "ownership of a legal or equitable interest, however small . . . ." 28 U.S.C. § 455(d)(4). 28 U.S.C. § 455 provides no remedy for a violation of its requirements. As the Supreme Court of the United States has recognized, "[t]here need not be a draconian remedy" for every violation of 28 U.S.C. § 455, and "there is surely room for harmless error committed by busy judges who inadvertently overlook a disqualifying circumstance." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862 (1988); *see also Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 485 (5th Cir. 2003) (extending the application of the

harmless error doctrine as applied to 28 U.S.C. § 455(a) in *Liljeberg* to 28 U.S.C. § 455(b) as well); *Polaroid Corp. v. Eastman Kodak Co.*, 867 F.2d 1415, 1420-21 (Fed. Cir. 1989) (citing *Parker v. Connors Steel Co.*, 855 F.2d 1510 (11th Cir. 1988)) (also extending the application of the harmless error doctrine as applied to 28 U.S.C. § 455(a) in *Liljeberg* to 28 U.S.C. § 455(b)).

Recognizing that 28 U.S.C. § 455 does not itself provide any remedy for its violation, Plaintiffs instead rely on Fed. R. Civ. Proc. 60(b)(6) as a vehicle by which to obtain relief for the alleged violation of 28 U.S.C. § 455(b).  Rule 60(b)(6) provides that the court may, upon "just terms," relieve a party "from a final judgment, order, or proceeding" for any "reason that justifies relief."  Fed. R. Civ. Proc. 60(b)(6).  Its application is appropriate only in "extraordinary circumstances."  *Liljeberg*, 486 U.S. at 864 (quoting *Ackermann v. United States*, 340 U.S. 193 (1950)).  When determining whether to vacate a judgment based on a violation of 28 U.S.C. § 455, "it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process."  *Liljeberg*, 486 U.S. at 864; *Patterson*, 335 F.3d at 485; *Polaroid Corp.*, 867 F.2d at 1420-21 (citing *Parker*, 855 F.2d 1510).

There is no reason here which justifies the extraordinary relief of vacating the order granting summary judgment in favor of Crane Co.

I. **There was either no requirement to recuse or any failure to recuse was harmless.**

Plaintiffs complain of Your Honor's stock ownership in General Electric Co., 3M Co., and Verizon as a basis for mandatory recusal pursuant to 28 U.S.C. § 455(b)(4) and their argument that the Judgment should be vacated as a result.  However, as illustrated above, Plaintiffs' argument completely ignores that Verizon, 3M, and GE had already been dismissed as parties at the time of the entry of the Judgment they seek to vacate.  Crane Co. was the *only*

4

remaining defendant at the time of the Judgment. Because Your Honor had no financial interest in Crane Co. at the time of the Judgment, Your Honor had no disqualifying interest at that time and recusal was not then required. 28 U.S.C. § 455(b)(4) (recusal required where judge "knows that he, individually or as a fiduciary . . . has a financial interest in the subject matter in controversy *or in a party to the proceeding*") (emphasis added).

If recusal had earlier been required while Verizon, 3M, or GE remained parties to the litigation, their subsequent dismissal by Plaintiffs or with Plaintiffs' consent obviated the need for any recusal and rendered any prior failure to recuse a harmless error. The recusal statute itself recognizes that the need for recusal can be eliminated. For example, 28 U.S.C. § 455(f) allows a judge, upon discovering that he has a financial interest in a party (other than an interest that could be substantially affected by the outcome), to proceed with presiding over a matter to which substantial judicial time has been devoted by divesting himself of his disqualifying interest. 28 U.S.C. § 455(f); *see also Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.*, 925 F.2d 556, 561 (2nd Cir. 1991) ("We think that section 455(f) directly applies to this situation. Nearly three years of the litigants' time and resources and substantial judicial efforts have been devoted to the litigation. Judge Pollack's forthright divestiture of his stock eliminated the need for disqualification, since the requirements of section 455(f) were fulfilled."). If selling the stock of a company that remains a party to a case is sufficient to cure the need for recusal, surely the fact that the plaintiff dismissed from the case the company in which stock is held is also a sufficient basis to obviate the need to recuse one's self in that case.

Moreover, there were no substantive rulings made in the case with respect to Verizon, 3M, or GE while they remained parties such that any alleged failure to recuse had no impact in the case. Practically speaking, if Your Honor had recused himself prior to their dismissal, once

those parties were dismissed, the case could have been reassigned to Your Honor without any conflict.  *See, e.g.*, *Union Carbide Corp. v. U.S. Cutting Serv., Inc.*, 782 F.2d 710, 714 (7th Cir. 1986) ("When Judge Getzendanner discovered in July 1985 that she had a financial interest in a 'party' she immediately suspended her involvement in the case.  Although the case was not formally reassigned to another judge, any matters requiring a judicial ruling were referred to other judges; it was as if she had recused herself.  Then however her husband sold the stock and she resumed control of the case.  It was as if she had been reassigned to it.  And when reassigned she no longer had a financial interest in it.  Since the statute forbids only the knowing possession of a financial interest, since Judge Getzendanner relinquished control of the case as soon as she found out about the financial interest, and since she did not resume control until the financial interest was eliminated, at no time was she in literal violation of the statute.").  There would have been no practical difference from what actually transpired than if the case been reassigned while Verizon, 3M, or GE remained parties, and any alleged failure to recuse was therefore a harmless error.

   Consideration of the *Liljeberg* factors leads to the same conclusion.  There is no injustice to Plaintiffs here in allowing the Judgment to stand because it was entered after the alleged financial conflict was resolved.  However, it would be unjust to Crane Co. to vacate a three-year-old Judgment based on a financial conflict that did not exist at the time of the Judgment, did not involve Crane Co. in any way, and which was a matter of public record that Plaintiffs could have pursued at any point while the action was still pending.  Further, there is no risk of injustice in other cases because the Judgment Plaintiffs seek to vacate was the granting of summary judgment in favor of Crane Co. based on the specific evidence that Plaintiffs put forth in this particular case.  Finally, there is no risk of undermining the public's confidence in the judicial

6

process by refusing to vacate an order entered when no judicial conflict existed. To the contrary, vacating such an order could very well have the effect of undermining the public's confidence in the judicial system. *See Kolon Industries, Inc. v. E.I.DuPont de Nemours & Co.*, 748 F.3d 160, 170 (4th Cir. 2014) ("'[I]t might legitimately be asked whether the spectacle of an attorney dragging his opponent through a long and costly proceeding, only to conclude by moving for disqualification of the judge, is not equally detrimental to public impressions of the judicial system' as is a potentially biased judge.") (citing *Delesdernier v. Porterie*, 666 F.2d 116, 121 (5th Cir. 1982)).

If Plaintiffs had filed a motion to recuse the day before the Judgment was entered, there would have been no disqualifying interest upon which to argue recusal was required. 28 U.S.C. § 455(b) simply does not require recusal based on ownership of stock in Verizon, 3M, or GE in a case where the only remaining parties are the Plaintiffs and Crane Co. Plaintiffs' Motion for Vacatur should be denied as a result.

## II.   **Plaintiffs' Motion is untimely.**

Plaintiffs' Motion is based on Rule 60(b)(6), which must be made in a "reasonable time." Rule 60(c)(1). Likewise, the Fourth Circuit has found that 28 U.S.C. § 455(b) includes a timely-filing requirement, which is "vital . . . to prevent waste and delay." *Kolon Industries, Inc.*, 748 F.3d at 168. Plaintiffs' Motion should be denied as untimely given that the information upon which it is based in publicly available information, which Plaintiffs' counsel chose to wait more than three years to obtain. *See, e.g., Union Carbide Corp.*, 782 F.2d at 716 ("Union Carbide may have waited too long to move to recuse Judge Getzendanner. Although her husband's ownership of shares of stock in IBM and Kodak was a matter of public record in May 1984, Union Carbide waited till July 1985 to file the motion."). The Judgment Plaintiffs seek to vacate was entered in

March 2018, and their three-year delay before filing the instant Motion for Vacatur in November 2021 is inexcusable and constitutes sufficient grounds upon which to deny the Motion.

### III.   Plaintiffs' Motion is an appropriate attack on the prior MIL Ruling.

Finally, it is worth noting that Plaintiffs' Motion appears to be a thinly-veiled attempt to attack the MIL Ruling that preceded the Judgment which Plaintiffs seek to vacate. Despite the fact that the MIL Ruling is not a final judgment subject to being vacated pursuant to Rule 60(b)(6), Plaintiffs nevertheless spend a significant portion of their Motion criticizing the MIL Ruling. *See* Motion at pp. 5-7. Plaintiffs' disdain for this Court's MIL Ruling is not a sufficient basis to establish the prejudice claimed by Plaintiffs to justify vacating the Judgment.

Plaintiffs also seem to claim prejudice because another court has since reached the same conclusion as the MIL Ruling. Motion at pp. 6-7 (citing *Schwartz v. Honeywell Intl'l, Inc.*, 102 N.E.3d 477 (Ohio 2018)). This point actually contradicts their argument, however, because it shows that another court, not bound by the MIL Ruling, embarked upon the same legal analysis and came to the same result. Specifically, in excluding Dr. Bedrossian's opinions, this Court noted that his expert opinions here could never satisfy the requisite defendant-by-defendant analysis because Dr. Bedrossian specifically admitted he did not know whether Crane Co. valves contributed to Mr. Chesher's cumulative exposure. [Dkt. No. 312 at pp. 13-14 and n.8] Indeed, the case cited by Plaintiffs as relying upon the MIL Ruling cites to numerous other similar opinions in support of its conclusion as well. *See Schwartz*, 102 N.E.3d 477 (citing *Kirk v. Exxon Mobil Corp.*, 870 F.3d 669 (7th Cir. 2017); *In re New York City Asbestos Litigation*, 148 A.D.3d 233 (N.Y. 2017); *Bostic v. Georgia-Pacific Corp.*, 439 S.W.3d 332 (Tex. 2014); *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439 (6th Cir. 2009); *McIndoe v. Huntington Ingalls, Inc.*, 817 F.3d 1170 (9th Cir. 2016); *Scapa Dryer Fabrics, Inc. v. Knight*, 788 S.E.2d 421 (Ga.

2016); *Holcomb v. Georgia Pacific, L.L.C.*, 289 P.3d 188 (2012)). Other courts have reached the same conclusion because it is the correct conclusion. In short, the MIL Ruling and the subsequent Judgment, neither of which Plaintiffs ever chose to appeal, were the result of sound legal reasoning, not any potential financial conflict which had already been resolved by the time the underlying motions were heard.

## CONCLUSION

For these reasons, Crane Co. respectfully requests that this Court deny Plaintiffs' Motion for Vacatur.

**K&L GATES LLP**

By: */s/ Tara C. Sullivan*
Tara C. Sullivan
Federal Bar No. 11095
E-Mail Address: tara.sullivan@klgates.com
134 Meeting Street, Suite 500
Charleston, SC  29401
(843) 579-5600

Attorneys for Defendant Crane Co.

Charleston, South Carolina
November 17, 2021

9